### STATE v DOUGHERTY

Ohio Appeals, 9th Dist, Medina Co.

No. 166.   Decided May 12, 1939.

R. E. Snedden, Pros. Atty., Medina, for appellee.

Theodore V. Foskett, Medina, for appellant.

### OPINION

PER CURIAM:

This is an apeal on questions of law from the Common Pleas Court of Medina County, and in that court it was sought to review the judgment of conviction of a misdemeanor before the mayor of the village of Medina.

The proceedings before the mayor were captioned "State of Ohio v Glen

Dougherty", and in order to review that judgment Dougherty filed in the Common-Pleas Court a pleading styled "Glen Dougherty, plaintiff in error v State of Ohio, defendant in error", and denominated "petition in error", together with a transcript of the proceedings of the mayor's court, but no bill of exceptions.

The Common Pleas Court disposed of the case by affirming the judgment of the mayor's court, and said cause was transferred to this court by an appeal on questions of law properly filed in the Common Pleas Court.

The procedure pursued in the Common Pleas Court for a review of the judgment of the mayor's court was in accordance with the law as it once existed in Ohio, but was not in accordance with the law as it existed at the time of the institution of said proceedings. The old law provided for a review by petition in error, as was done in this case. Under the new law, which became effective in 1936, the procedure for such a review is by appeal, instituted by the filing of a notice of appeal in the mayor's court, which was not done in this case, and therefore the Court of Common Pleas had no jurisdiction.

The judgment of the Common Pleas Court should have been one dismissing the proceedings for lack of jurisdiction, and not an affirmance of the judgment, as was entered. For such error, the judgment of the Common Pleas Court is reversed; and proceeding now to render the judgment which that court should have rendered, the petition in error filed in the Court of Common Pleas is dismissed.

WASHBURN, PJ., DOYLE, J., and STEVENS, J., concur.